UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAZHONG SONG,<br><br>    Plaintiff,<br><br>v.<br><br>YUN ZHANG,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>XUEHAI LI,<br><br>    Third-Party Defendant. | Civil Action No. 21-17918 (GC) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**RUKHSANAH L. SINGH, United States Magistrate Judge.**

    **PENDING** before the Court is a Motion by Defendant/Third-Party Plaintiff Yun Zhang ("Defendant") to extend the time period to complete fact discovery and to compel Plaintiff's appearance in person at a deposition and for trial (the "Motion").[1] (Doc. Nos. 60-61). Plaintiff Dazhong Song ("Plaintiff") opposes the Motion, (Doc. No. 62), to which Defendant has replied, (Doc. No. 63). The Court has fully considered the parties' submissions and considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause shown, the Court GRANTS Defendant's Motion to extend the deadline to complete fact discovery and to compel Plaintiff's in-person appearance at a deposition to occur within this District.

---

[1] The focus of Defendant's Motion is Plaintiff's in-person appearance at a deposition, but generally adds a request to order his in-person appearance at any trial in this matter. No trial date has been set in this matter. Considering the status of this matter, the Court declines to address Defendant's request to compel Plaintiff's in-person appearance at a trial at this time.

1

I. **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

The parties are familiar with the background of this matter, so the Court does not recite it at length herein, except to set forth the history relevant to this Motion. Plaintiff, a resident of Beijing, the People's Republic of China ("China"), initiated this action on September 30, 2021, alleging that Defendant, a resident of Princeton, New Jersey breached a loan agreement (the "Agreement") executed by Defendant and Third-Party Defendant Xuehai Li ("Li").[2] (*See* Doc. No. 1). Plaintiff alleges that, through the Agreement, he provided a loan to Defendant and Li to fund their divorce lawsuit pending in New Jersey. (*See* Doc. No. 1, Ex. A). Relevant to the instant dispute, both Plaintiff and Defendant are citizens of China.

Following resolution of multiple motions filed by the parties, the Court conducted a Rule 16 initial scheduling conference in this matter on April 22, 2024 and entered a Pretrial Scheduling Order, setting a deadline of October 2, 2024 to complete fact discovery. (Doc. No. 48). On October 1, 2024, the parties filed a joint status report, representing that Plaintiff had not yet produced his written discovery responses and anticipated doing so "within the next 7 to 10 days." (Doc. No. 53 at p. 1). The parties also represented that they "are likely to engage in litigation over whether depositions need to be conducted in person or whether they can be conducted remotely." (Doc. No. 53 at p. 1). The parties did not make a request to extend the October 2, 2024 deadline to complete fact discovery. *See* Fed. R. Civ. P. 16(b)(4). Nevertheless, considering Plaintiff's outstanding discovery responses and the parties' potential dispute over the format of depositions not yet taken, the Court, *sua sponte*, found good cause to enter an Amended Scheduling Order that extended the fact discovery deadline to December 16, 2024. (Doc. No. 55); *see also* Fed. R. Civ. P. 6(b)(1)(A) (authorizing a court to extend time for good cause without motion or notice).

---

[2] Li has not appeared in this action as of the date of this Letter Order.

2

On December 2, 2024, Plaintiff's counsel filed a Motion for Summary Judgment without leave of Court, (Doc. No. 56), and a joint status report, stating that Defendant had served a Notice of Deposition to Plaintiff on November 27, 2024, (Doc. No. 57). In the status report, counsel further represented that if the Court denied the Motion for Summary Judgment, he would seek that the deposition proceed remotely but Defendant's counsel sought the deposition to proceed in-person.[3] (Doc. No. 57). Having considered the joint status report, the Court directed the parties to fully meet and confer as to the deposition scheduling and format and, absent agreement, to raise the dispute by filing a letter setting forth their respective positions by December 13, 2024. (Doc. No. 58). The Court also set a deadline of December 13, 2024 for any requests to extend the fact discovery deadline. (Doc. No. 58). The Court also administratively terminated the Motion for Summary Judgment as being premature in light of on-going fact discovery. (Doc. No. 59).

Instead of abiding by the Court's Order to proceed informally by way of letters on the issue (which is consistent with Local Civil Rule 37.1), Defendant filed the instant Motion on December 5, 2024. (Doc. No. 60). Defendant's counsel represented that Plaintiff's counsel informed him that he could not consent to an extension of the discovery period. (Doc. No. 60-2 at ¶¶ 4-5). Through the Motion, Defendant argues that "Defendant has relevant and material defenses regarding, *inter alia*, fraud." (Doc. No. 60-1 at p. 2). As such, Defendant contends the facts and circumstances involving the Agreement "are crucial and at issue." (Doc. No. 60-1 at p. 2). She further states that Plaintiff is related to her ex-husband, Li, and the Agreement "is part of a fraud orchestrated by" him because Li paid the loaned sums. (Doc. No. 60-1 at p. 2, ¶¶ 1-3 (referencing Doc. No. 21); *see also* Doc. No. 21 at ECF pp. 11, 59). Defendant also relies upon the Court's

---

[3] The joint status report also states that "Plaintiff does not speak English." (Doc. No. 57). It is unclear whether this statement was meant as an argument for or against an in-person deposition.

3

January 24, 2024 Memorandum Opinion on her Motion for Reconsideration, in which the Court found that it could not assess whether the Agreement was fraudulent or punitive absent "a fuller record than what has been offered to date."[4] (Doc. No. 35 at p. 8 (citation omitted)). As such, Defendant argues that additional discovery is needed in the form of Plaintiff's deposition and, considering the default rule that a plaintiff's deposition take place in the forum chosen by the plaintiff, Plaintiff's deposition should proceed in-person within this District. (Doc. No. 60-1 at pp. 3-4). Defendant adds that Plaintiff intentionally chose this jurisdiction although he could have brought the suit in China, "where jurisdiction for all parties and . . . Li's substantial assets exist." (Doc. No. 60-1 at p. 4).

Plaintiff opposes the Motion. (Doc. No. 62). Plaintiff argues that Defendant has "no evidence to support" her allegations of fraud and thus seeks to extend discovery only to further delay this litigation. (Doc. No. 62-1 at ECF p. 2). Plaintiff then challenges some of the factual background allegations set forth in Defendant's Motion.[5] (*See* Doc. No. 62-1). However, Plaintiff does not dispute that he selected this forum to bring his claims and that he could have sued

---

[4] Notably, the Court in its Memorandum Opinion added that "the prudent course is to allow the parties to engage in limited discovery as to the issues central to the reasonableness determination—*e.g.*, the difficulty in assessing damages, intention of the parties, the actual damages sustained, and the bargaining power of the parties—and for the Court to then entertain motions for summary judgment . . . ." (Doc. No. 35 at p. 8).

[5] Through Plaintiff's brief in support of the opposition to the Motion, Plaintiff proffers a myriad of "facts" without citation to the record. (*See* Doc. No. 62-1). While Plaintiff also attaches copies of Defendant's Responses to Interrogatories and Requests for Admission and Plaintiff's Responses to "Defendant's Discovery Requests," (Doc. No. 62), Plaintiff does not provide the Court with any cross-reference between those discovery responses and the facts relied upon in the opposition brief. In addition, many of the documents that Plaintiff appears to have produced in response to written requests from Defendant and that are submitted in the opposition are not in English and counsel has provided no translation. Counsel's apparent expectation that the Court can and will filter through these discovery responses and somehow decipher unauthenticated foreign language documents to connect the dots and find facts that may ultimately be unnecessary for the purposes of this Motion is misguided.

4

Defendant and Li in China. (Doc. No. 62-1 at p. 5). Nevertheless, Plaintiff argues that he "should not have to bear the costs of traveling half[-]way around the world to appear and be deposed to testify that he wired $75,000 to the United States based on a Loan Agreement signed by the Defendant and the Defendant then received the funds the Plaintiff wired." (Doc. No. 62-1 at p. 8). Plaintiff relies upon Rule 26(b)(2)(C)(i) and Rule 1 of the Federal Rules of Civil Procedure to contend that, considering "fundamental fairness and cost effectiveness," the Court should limit discovery that "'is unreasonably cumulate or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]'" (Doc. No. 62-1 at p. 8 (quoting Fed. R. Civ. P. 26(b)(2)(C)(i) and citing same, Fed. R. Civ. P. 1, and *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999))). Plaintiff adds that he is prepared to proceed with a summary judgment motion. (Doc. No. 62-1 at p. 8).

In connection with his opposition to the Motion, Plaintiff attaches his Certification filed in response to a prior Motion for Reconsideration. (*See* Doc. No. 62 at ECF p. 1 and 44-45 (also appearing at Doc. No. 31)). Through that Certification, Plaintiff certifies that "[a]t all times I have lived in the People's Republic of China[,]" which is where he was located at the time of the negotiations involving the Agreement. (Doc. No. 62 at ECF p. 44, ¶¶ 2, 4). Plaintiff also certifies that the Agreement "envisioned" that he "would have a mortgage on the real property located in New Jersey for a one[-]year period until the loan was paid in full" but he never received such mortgage. (Doc. No. 62 at ECF p. 44, ¶ 6).

Defendant filed a reply on the Motion, contending that the record is not yet ripe for dispositive motions. (Doc. No. 63). Defendant points out that Plaintiff's counsel's contention that there is a lack of evidence underscores the need for further discovery, including through Plaintiff's testimony. (Doc. No. 63 at pp. 1-2). Defendant also adds that "[f]ace[-]to[-]face questioning of

the Plaintiff is essential" to develop Defendant's affirmative defense of fraud, noting the limitations of remote video conferencing in controlling the circumstances of the deposition. (Doc. No. 63 at p. 2). Defendant further states that Plaintiff's arguments relating to his decision not to bring suit against Li raise questions as to why he did not bring suit in China, where any bankruptcy stay may not have precluded such claims.[6] (Doc. No. 63 at pp. 2-3). Finally, Defendant argues that an in-person deposition of Plaintiff is neither cumulative nor available from a less burdensome source. (Doc. No. 63 at p. 4).

## II. LEGAL STANDARDS

### A. Motion to Extend the Time to Complete Fact Discovery

This Court exercises discretion over discovery and management of a matter's docket. *See in re Fine Paper Antitrust Lit.*, 685 F.2d 810, 817 (3d Cir. 1982). Within that discretion and upon a showing of good cause, the Court may revise scheduling orders. Fed. R. Civ. P. 16(b)(4); L. Civ. R. 16.1(a)(2). Good cause exists where the party seeking the extension demonstrates that "the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011) (quoting Fed R. Civ. P. 16(b) advisory committee note to 1983 Amendment). A movant may also show good cause where he is unable to comply with the scheduling order "due to any mistake, excusable neglect or any other factor which might understandably account for failure to counsel to undertake to comply with the Scheduling Order." *Id.* (internal quotation omitted). In addition, for good cause, the Court may extend the time for an act to be completed

---

[6] Defendant also appears to seek certain billing records for Plaintiff and Plaintiff's counsel in this litigation. (Doc. No. 63 at p. 3). Because Defendant raises this issue for the first time in her reply, the Court will not consider it. *See D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) ("A moving party may not raise new issues . . . in a reply brief that it should have raised in its initial brief.").

6

within a specified time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A).

### B. Motion to Compel Plaintiff's In-Person Appearance at a Deposition

Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a party seeking a deposition must provide reasonable written notice that includes "the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). As such, a requesting party may designate the location of a party deposition, subject to an application for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(B) setting a different location. *Loughran v. PepsiCo, Inc.*, No. 22-4390, 2024 WL 328740, at *2 (D.N.J. Jan. 29, 2024); *see also* Fed. R. Civ. P. 26(c)(1)(B). Nevertheless, the general rule is that a plaintiff's deposition takes place "in the district in which the suit is brought[.]" *S. Seas Catamaran, Inc. v. Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 (D.N.J. 1988). An exception arises where the plaintiff makes a showing of financial hardship or inability to appear in the district. *See id.*; *see also Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010).

Further, Rule 30(b)(4) permits the parties to "stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The Rule adds that "[f]or the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." *Id.* This District has required a plaintiff seeking to proceed via remote means to seek relief pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and to show good cause, including an explanation as why a plaintiff is prevented from appearing for an in-person deposition. *See, e.g., Baadhio v. Hofaker*, No. 15-2752, 2017 WL 4453476, at *2 (D.N.J. Aug. 31, 2017). In addition, the Court may limit the scope or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be

obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). The Court exercises "great discretion in designating the location of a deposition, . . ., and thus each application must be considered on its own facts and equities." *S. Seas Catamaran*, 120 F.R.D. at 21 (internal citations omitted).

### III.  DISCUSSION

As a threshold matter, the Court clarifies that, considering the applicable legal standards, it need not reach the merits of the claims and defenses in this case to rule on the pending Motion. Rather, the Court must consider whether: (1) good cause exists to extend the deadline to complete fact discovery for purposes of conducting Plaintiff's deposition; and (2) Plaintiff can show some financial hardship or inability to appearing in-person for a deposition within this District.

The good cause standard focuses on the movant's due diligence to meet the deadlines set by the Court. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Here, Defendant identified that he would seek discovery as to Plaintiff before the Rule 16 Conference; the parties stated in their Joint Discovery Plan that the following would be relevant subject matter for discovery: "Defendant questions the genuineness of the loan and actual disbursement of it from Plaintiff. Plaintiff's actual identity is also disputed by the Defendant." (Doc. No. 46 at ECF p. 2). The parties identified in their October 1, 2024 status report that they were discussing the format of depositions over which there may be a dispute. (Doc. No. 53 at p. 1). Thereafter, Defendant served the Notice of Deposition on Plaintiff's counsel on November 27, 2024, over two weeks prior to the close of fact discovery. A few days later, in the parties' December 2, 2024 joint status report, counsel wrote that Plaintiff's "deposition may or may not proceed depending on the outcome" of Plaintiff's motion for summary judgment and that Plaintiff

sought the deposition to proceed remotely while Defendant's counsel sought the deposition to occur in-person. (Doc. No. 57).

It is thus evident from the record that: Defendant notified Plaintiff and the Court that she sought Plaintiff's testimony within the time period for the parties to complete fact discovery; Plaintiff did not challenge the taking of the deposition on relevancy or other grounds, but did challenge whether the deposition should proceed remotely and before a motion for summary judgment. Indeed, the parties acknowledge that the Court had previously recognized that the parties needed to develop the factual record, including as to the parties' intent, before the Court could assess the merits of the claims and defenses. (*See* Doc. No. 35 at p. 8). Plaintiff's deposition is thus relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Furthermore, Defendant timely sought to extend the fact discovery deadline. She filed the Motion before the deadline expired and the extension was necessary based on the parties' dispute over the format of the deposition for which they needed court intervention. As such, Defendant has sufficiently shown due diligence in seeking to extend the fact discovery deadline.

The Court next addresses the crux of the dispute: whether Plaintiff's deposition shall proceed in person or remotely. As discussed above, subject to a showing of financial hardship or inability, the general rule is that a plaintiff's deposition takes place "in the district in which the suit is brought[.]" *S. Seas Catamaran*, 120 F.R.D. at 21. Here, Plaintiff does not claim that he is unable to appear in this District. Plaintiff admits that he purposefully chose this forum for the litigation although he could have chosen the forum of his residence. Plaintiff has been able to otherwise participate in this litigation here through counsel. In addition, Plaintiff's July 15, 2023 Certification attached to his opposition represents that he was owed a mortgage on real estate located in New Jersey. There is nothing in the record to support a finding that Plaintiff cannot

9

appear within this District, which he intentionally chose for this dispute and where he intended to obtain an interest on real property.

In addition, Plaintiff does not claim financial hardship in making an in-person appearance within this District for purposes of his deposition. Rather, Plaintiff claims he "should not have to bear the costs of traveling half[-]way around the world" due to "fundamental fairness and cost effectiveness[.]" (Doc. No.62-1 at p. 8). Plaintiff does not offer any facts as to what that cost may be and does not claim he cannot afford that cost. Plaintiff also does not offer facts to show that appearing in this District would pose an undue burden in any way. While Federal Rule of Civil Procedure 1 seeks "to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" the time and costs of litigation must be weighed in balance with seeking a just resolution of the merits. Fed. R. Civ. P. 1. Here, Plaintiff's deposition is needed to assess the merits of the claims and defenses at issue, and Plaintiff fails to show a basis to deviate from the general rule that the deposition occur within this District.

Similarly, Plaintiff's reliance upon Rule 26(b)(2)(C)(i) of the Federal Rules of Civil Procedure does not justify a remote deposition here. Rule 26(b)(2)(C)'s consideration of whether discovery can be obtained from a more convenient or less expensive source leads to the question of whether a remote party deposition would provide the same discoverable material as an in-person party deposition. Here, the deposition of the named plaintiff would provide a better assessment of credibility and may ultimately be more efficient, particularly where a translator may be required.[7] A remote deposition thus may not necessarily provide the same information that may be obtained

---

[7] The Court recognizes and shares Defendant's counsel's concerns that a remote deposition would not ensure that Plaintiff would comply with this jurisdiction's requirements for depositions, particularly where the deposition would be deemed as being taken in China and Plaintiff's counsel would not be physically present with Plaintiff during the deposition.

by an in-person deposition. Indeed, the deposition of a named plaintiff in a dispute such as this one is important to an assessment of the merits of the case and that importance should be balanced with the considerations of Rule 26(b)(2)(C)(i).

Finally, the Court recognizes that Plaintiff has not moved pursuant to Rule 26(c)(1)(B) or 30(b)(4) for the Court to order that the deposition proceed by remote means (nor does he cite to the Rule). *See* Fed. R. Civ. P. 26(c)(1)(B) (requiring a party to make a motion for an order that sets the time and place for discovery); Fed. R. Civ. P. 30(b)(4) (permitting the Court to order a deposition to proceed remotely "on motion"). Nevertheless, even if the Court were to consider Rules 26(c)(1)(B) and 30(b)(4) here, Plaintiff has not shown sufficient good cause to order the deposition to proceed remotely. Plaintiff has not offered any explanation as to why he cannot appear for an in-person deposition in this District other than he does not prefer to do so. *See, e.g., Baadhio*, 2017 WL 4453476, at *2. As such, there is no basis to compel Defendant's counsel to take Plaintiff's deposition remotely.

### IV.  CONCLUSION

For the reasons set forth above, and good cause shown by Defendant, the Court GRANTS Defendant's Motion. The Court will extend the deadline to complete fact discovery by a period of 90 days from the date of this Memorandum Opinion and Order, during which Plaintiff's deposition shall proceed in person within this District. Accordingly,

**IT IS, THEREFORE,** on this **20th** day of **February 2025** hereby

**ORDERED** that Defendant's Motion to extend the fact discovery deadline and to compel Plaintiff's in-person appearance within this District for his deposition is **GRANTED**; and it is further

11

**ORDERED** that the deadline to complete fact discovery is hereby extended to **May 21, 2025**; and it is further

**ORDERED** that Plaintiff's deposition shall proceed in-person within the District of New Jersey before the deadline to complete fact discovery; and it is further

**ORDERED** that the parties shall file a joint letter with the Court, advising as to the date and location of Plaintiff's deposition, by no later than **March 14, 2025**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 60.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE