**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAZHONG SONG,<br><br>Plaintiff,<br><br>v.<br><br>YUN ZHANG,<br><br>Defendants/<br>Third-Party Plaintiff,<br><br>v.<br><br>XUEHAI LI,<br><br>Third-Party Defendant. | Civ. Action No. 21-17918 (GC) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Defendant Yun Zhang ("Defendant") to Dismiss Plaintiff's Complaint for Failure to Provide Discovery, or alternatively, to Compel the Appearances of Plaintiff and Third-Party Defendant at a Deposition and Trial, and to Award Attorney's Fees (the "Motion"). (Doc. No. 85). Defendant has supplemented the Motion, (Doc. No. 91), and Plaintiff Dazhong Song ("Plaintiff") opposes the Motion. (Doc. No. 92). Defendant has replied (Doc. No. 93). The Court has fully considered the Motion without oral argument pursuant to Federal

Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below and good cause shown, the Court DENIES the Motion.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with the background of this matter, so the Court does not recite it at length herein, except to set forth the history relevant to this Motion. On September 30, 2021, Plaintiff, a resident of Beijing, the People's Republic of China ("China"), initiated this action, alleging that Defendant breached a December 9, 2015 loan agreement (the "Agreement") that they had executed together with Third-Party Defendant Xuehai Li ("Li") to fund a divorce proceeding between Defendant and Li. (*See* Doc. No. 1). Plaintiff further alleges that, as of December 9, 2015, Defendant and Li were in default under the Agreement. (Doc. No. 1 at ¶ 10). Thereafter, in March 2020, Li filed a Chapter 11 voluntary petition of bankruptcy in the United States Bankruptcy Court for the District of New Jersey, which converted it to a Chapter 7 proceeding. (Doc. No. 1 at ¶¶ 11-12). As a result of those bankruptcy proceedings, the Chapter 7 Trustee sold certain real property against which Defendant and Li were to provide Plaintiff with a mortgage to secure the loan provided in the Agreement but failed to do so. (Doc. No. 1 at ¶¶ 8-9, 13-15).

Following multiple rounds of motion practice, on August 20, 2024, Defendant filed a Third-Party Complaint against Li, a Chinese resident. (*See* Doc. No. 51). Defendant alleges that Li is her ex-spouse and that Li's cousin is married to Plaintiff. (Doc. No. 51 at ¶¶ 1-3). Defendant claims that, pursuant to the divorce decree issued

to her and Li, Li was found to be liable for the loan at issue in Plaintiff's Complaint. (Doc. No. 51 at ¶ 6; Doc. No. 51-1). She adds that Li controls Plaintiff, who could have sued Li in China, and that Plaintiff has brought this action solely to harass her and increase litigation costs and fees. (Doc. No. 51 at ¶ 10). Accordingly, Defendant asserts claims of fraud, indemnification, and contribution against Li. (Doc. No. 51). Although Defendant avers to have attempted to serve Li with the Third-Party Complaint, such attempts were futile and Li has not appeared in this action. (*See* Doc. No. 53).

As discovery ensued, the parties repeatedly raised issues relating to Plaintiff's deposition. (*See* Doc. Nos. 46, 53, 57, and 58). Ultimately, Defendant filed a motion to extend the fact discovery deadline and compel Plaintiff's in-person appearance at a deposition and for trial. (Doc. Nos. 60-61). On February 20, 2025, the Court granted Defendant's motion, extending the fact discovery deadline an additional 90 days and ordering Plaintiff's deposition occur in person within this District during that period. (Doc. No. 64). Plaintiff's deposition did not take place as ordered. (*See* Doc. No. 65). Instead, Plaintiff advised his counsel and the Court that "he could not now [], nor in the future, come to the United States to be deposed" because he has no passport and has never traveled outside of China. (Doc. No. 65).

Thereafter, the Court granted leave for Plaintiff to file a motion to conduct his deposition remotely pursuant to Federal Rule of Civil Procedure 30(b)(4). Plaintiff filed that motion on April 4, 2025. (Doc. No. 70). Defendant opposed the motion and cross-moved to dismiss. (Doc. No. 71). After hearing oral argument, (Doc. No. 77),

the Court granted Plaintiff's motion and denied Defendant's cross-motion without prejudice, (ECF No. 78). The parties subsequently agreed that: (1) Plaintiff would deposit $15,000 into his counsel's trust account by January 30, 2026 as security in the event Plaintiff does not appear for any trial in this matter (the "Security Deposit") and Plaintiff's remote deposition would occur by February 27, 2026; (2) Plaintiff would provide a court-approved translator and cooperate with the English translation of any paper discovery requested by Defendant; and (3) the parties would cooperate in attempting to secure Li for his remote deposition. (Doc. No. 83). Plaintiff's counsel also represented that Plaintiff was personally aware of the Court's requirements regarding in-person appearances for pre-trial hearings and trial, as well as the possibility of sanctions for failure to appear. (Doc. No. 83). The Court did not enter the terms of that party agreement as an order of the Court, nor did the parties request that it be so ordered.[1] Nevertheless, in light of the status of the matter, the Court again extended the fact discovery deadline. (ECF No. 84).

---

[1] In her moving submission, Defendant infers otherwise by stating: "[o]n October 22, 2025, the Court issued an order (Doc. No. 80), regarding the issue of 'bond or some other security' assuring that Defendant's costs be covered if Plaintiff fails to appear when required to do so after his Zoom deposition." (Doc. No. 85 at ¶ 11). However, the Court never ordered the posting of any bond or other security. Rather, following an October 17, 2025 hearing addressing the parties' respective discovery disputes, the Court directed the parties to meet and confer as to Defendant's request for such security or assurances. The Court further granted the parties leave to file a motion as to that issue in the event they could not reach a resolution amongst themselves. (*See* ECF 80).

On February 4, 2026, Defendant filed the instant Motion seeking to dismiss Plaintiff's Complaint for Plaintiff's failure to provide discovery, attend his own deposition, or comply with the parties' agreement to timely post the Security Deposit. (Doc. No. 85). Defendant also seeks, in the alternative, to compel Plaintiff to present Li's appearance at a deposition and trial. (Doc. No. 85). Defendant argues that the depositions of Plaintiff and Li are required to uncover facts about the loan, Plaintiff's relationship with Li, and Defendant's affirmative defenses.

Notably, Defendant filed the Motion before the agreed-upon deadline of February 27, 2026 for Plaintiff's deposition but less than three full business days after the January 30, 2026 agreed-upon deadline for Plaintiff to post the Security Deposit. (*See* Doc. No. 83). As a result, as of the filing of the Motion, Plaintiff had failed to timely submit the Security Deposit and had not refused to attend his remote deposition or meet the other terms of the parties' agreement.

On February 12, 2026, Plaintiff deposited the Security Deposit into his counsel's trust account. (*See* Doc. Nos. 88 and 92). Defendant then supplemented her Motion, seeking to recover the costs of filing the Motion because she contends it prompted Plaintiff's ultimate compliance in depositing the Security Deposit. (*See* Doc. No. 88 at pp. 1-3). More specifically, Defendant seeks to recover $2,567.50 in attorney's fees for 5.75 hours at an hourly rate of $450.00. Defendant also supplements her Motion to counter an argument raised by Plaintiff that Defendant obtained money from Li through a legal proceeding in China and to infer that Plaintiff and Li must be

communicating.[2] (*See* Doc. No. 91). Defendant offers documents purporting to be from a litigation in China between herself and Li. (*See* Doc. No. 91). As such, Defendant seeks the Court "to compel the Third-Party Defendant's Plaintiff [*sic*] appearance to 'flesh out' the Plaintiff's and Third-Party Defendant's conduct in the formation, funding of the underlying loan." (Doc. No. 91 at ¶ 10).

Plaintiff opposes the Motion. (Doc. No. 92). Plaintiff's counsel represents that there is no basis to support Defendant's contention that either Plaintiff or Plaintiff's counsel have been "colluding" with Li. (Doc. No. 92 at ¶¶ 9-10). Plaintiff also argues that he has complied with his discovery obligations and will participate in a remote deposition, and his delayed payment of the Security Deposit was the result of efforts spanning months to obtain the funding and not a reaction to Defendant's Motion. Plaintiff adds that Defendant previously sued Li in China and could do so again. (*See* Doc. No. 92).

In reply, Defendant maintains that an award of attorney's fees is warranted because, but for the filing of the Motion, Plaintiff would not have complied with his obligation to deposit the Security Deposit into his attorney's trust fund. (*See* Doc. No. 93-1 at ¶¶ 1, 28, 32-34). Significantly, through her reply, Defendant acknowledges that the Court will not dismiss this matter but rather requests the Court to compel Plaintiff

---

[2] Defendant's supplementation includes her "Certification." (Doc. No. 91). However, the Certification does not comply with 28 U.S.C. § 1746. *See* 28 U.S.C. § 1746.

to produce "that which demanded."[3] (Doc. No. 93-1 at ¶ 31). It appears Defendant ultimately seeks to discover who is paying Plaintiff's counsel in this matter and who "has control" and to compel Plaintiff to produce Li for a deposition in this matter. (*See* Doc. No. 93 at p. 3).

## II. LEGAL STANDARD

The relief sought by Defendant through her Motion has morphed from seeking dismissal of Plaintiff's Complaint for failure to comply with discovery to seeking the Court to compel discovery and Plaintiff and Li's depositions, together with a recovery of fees. Based on counsel's Certification offered in reply to the Motion, the Court deems Defendant's request for a dismissal to be withdrawn. (Doc. No. 93-1 at ¶ 31).

Parties, generally, may seek discovery regarding any nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

[3] Defendant also provides additional information regarding Plaintiff's counsel's firm's affiliation with Li in Li's bankruptcy proceedings. (*See* Doc. No. 93). Defendant contends that the "billing, payment, and sources of payment during the bankruptcy must be provided" as they are "relevant evidence establishing the fraud in the loan and this punitive suit enforcing it." (Doc. No. 93 at p. 3).

likely benefit." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial to be discoverable. *Id.*

Whether information is relevant "depends on the facts of each case, and the determination of relevance is within the discretion of the Court." *Carchietta v. Russo*, No. 11-7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014). Similarly, proportionality is a fact-sensitive inquiry based on the information provided by the parties. *See Democratic Nat'l Comm. v. Repub. Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019) (recognizing that a district court "may limit discovery to ensure its scope is proportional to the needs of the case" and is "in the best position to reach a case-specific determination of the appropriate scope of discovery" (internal quotation and editing marks and footnote omitted)); Fed. R. Civ. P. 26, cmt. 2015 amends. ("The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.").

Indeed, courts must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). "While the scope of discovery is broad, it is not unlimited . . . and should not serve as a fishing expedition." *Burgess v. Galloway*, No. 20-6744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (citation and internal quotation marks omitted).

A party moving to compel discovery bears the initial burden of showing that the information is relevant. *See* Fed. R. Civ. P. 37(a). The party objecting to discovery must explain and support their objections. *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

The Federal Rules of Civil Procedure also require that, absent certain exceptions, the Court award reasonable expenses, including attorney's fees and costs, to the prevailing party on a motion to compel discovery, after giving an opportunity to be heard. *See* Fed. R. Civ. P. 37(a)(5)(A) and 37(a)(5)(B). Federal Rule of Civil Procedure 37(a)(5) uses mandatory language; however, exceptions apply. Among such exceptions are when a movant fails to meet and confer in good faith before seeking relief from the court, a party was substantially justified in their respective position, or other factors would render the award of fees and costs unjust. *See* Fed. R. Civ. P. 37(a)(5)(A) and 37(a)(5)(B). For a position to be substantially justified it must be of a degree that satisfies a reasonable person that parties could disagree whether disclosure was required. *See Gov't Emps. Ins. Co. v. E. Coast Spine, Joint & Sports Med. Pro. Ass'n*, No. 21-19408, 2022 WL 4237082, at *3 (D.N.J. Sept. 14, 2022); *see also Baier v. Princeton Off. Park, L.P.*, No. 08-5296, 2018 WL 5253288, at *5 (D.N.J. Oct. 22, 2018) (explaining that substantial justification exists when reasonable people could differ about the appropriateness of the challenged action or when a genuine dispute exists). Substantial justification exists if a party had a reasonable basis in law or fact for its position. *See APG-Int'l, Inc. v.*

*MERO-TSK GmbH & Co. KG*, No. 08-6028, 2012 WL 13018967, at *4 (D.N.J. Jan. 12, 2012).

Ultimately, the resolution of the instant dispute lies within the Court's sound discretion. *See, e.g.*, *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III. DISCUSSION

Here, Defendant seeks to compel certain discovery and the depositions of Plaintiff and Li, and to recover fees incurred in filing the Motion. First, as to Defendant's request to compel the production of certain discovery, Defendant proffers shifting arguments as to what exactly is to be compelled. Nevertheless, by sifting through her submission, it appears Plaintiff seeks unredacted and updated identification materials, translations, and discovery concerning the relationship between Plaintiff and Li, including discovery relating to the funding of this litigation and Li's bankruptcy proceedings. (*See* Doc. Nos. 85, 91, 93). The bases for these requests appear to stem from Defendant's conjecture that Li "controls" Plaintiff and the extent of that control bears somehow on the merits of Plaintiff's claims and Defendant's defenses. However, Defendant does not show that she complied with either Rule 33 or Rule 34 of the Federal Rules of Civil Procedure as to these requests or fully met and conferred with Plaintiff on these issues as required by Rule 37 of the Federal Rules of Civil Procedure as well as Local Civil Rule 37.1. Nor does Defendant provide any true clarity as to the

scope and extent of her requests such that the Court could be certain as to what exactly it must compel.

Furthermore, discovery relating to those issues, such as the funding of the litigation, is neither relevant nor proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). In particular, Defendant's broad allegations concerning Plaintiff's and Li's purported coordination rest on unverified assertions and inferences. While the Chinese court materials submitted by Defendant may bear on whether funds in the foreign enforcement proceeding were disbursed to Defendant, they do not, by themselves, establish communications or connections between Li and Plaintiff or Plaintiff's counsel, an agency relationship, a fee arrangement, or a conspiracy. (Doc. No. 91.) Accordingly, to the extent Defendant seeks to compel unspecified translations, documents, and the like, the Court denies that request without prejudice.

As to Defendant's request to compel Plaintiff's deposition, the Court denies that request. Plaintiff, through his counsel, represents that he will participate and attend a remote deposition. Indeed, Defendant brought the Motion before the agreed-upon deadline for Plaintiff's deposition lapsed. Therefore, the Court will set a deadline by which all fact discovery, including depositions, shall be completed. Should any party fail to meet their obligations in discovery, including participating in a deposition, the parties may raise that issue with the Court, if and when necessary.

Next, the Court denies Defendant's request to compel Plaintiff to produce Li for a deposition or trial. Notably, Defendant was the party who brought Li into this matter

through a Third-Party Complaint. Yet, Defendant has not served Li with the Third-Party Complaint and has not sought leave to serve Li through alternate means. While Defendant has certified that Li would be subject to service under the laws of China, Defendant appears to have made no efforts to effectuate personal service in accordance with Rule 4(f) of the Federal Rules of Civil Procedure or Chinese law. (*See* Doc. No. 35); *see also* Fed. R. Civ. P. 4(f) (providing the mechanism by which service may be effectuated on an individual in a foreign country). Defendant, through her Motion, offers no legal basis on which this Court could compel Li's deposition where he has not yet been properly joined in this matter. *See* Fed. R. Civ. P. 37(d)(1) (permitting the Court, upon motion, may impose sanctions for a *party's* failure to attend a deposition following proper notice and good faith efforts to meet and confer). Moreover, Defendant's conjecture as to Plaintiff's possible communications with Li are insufficient to provide a legal or factual basis on which the Court could force Plaintiff to compel a foreign person to attend a deposition in this matter. Defendant has offered no authority on which the Court could rely to compel such extraordinary measures. The Court therefore denies Defendant's Motion to the extent she seeks to compel Plaintiff to produce Li for a deposition or at any trial in this matter.

Finally, Defendant seeks to recover her attorney's fees incurred in connection with filing the initial Motion. When a party moves to compel discovery or for sanctions for failure to comply with a court order, the Court will award reasonable fees and costs to the movant if the motion is granted or to the responding party if the motion is denied.

*See* Fed. R. Civ. P. 37(a)(5); *see also* Fed. R. Civ. P. 37(b)(2), 37(c)(1). However, the Court may decline to award such fees when it would otherwise be unjust. *See* Fed. R. Civ. P. 37(a)(5).

Here, Defendant originally moved to dismiss Plaintiff's Complaint in part on the basis that Plaintiff did not timely post the Security Deposit. However, shortly after the Motion was filed, Plaintiff made such payment. Rather than withdraw the pending Motion, Defendant continued to litigate the Motion adding with each submission what appeared to be new requests. Ultimately, the Court now denies Defendant's Motion and finds that an award of fees in this instance would be unjust. Notably, there is no showing that Plaintiff violated a Court order. Rather, Plaintiff failed to timely meet an agreed-upon deadline to submit a Security Deposit. Plaintiff, through his counsel, has sufficiently justified the delay in providing the Security Deposit. Thus, the Court declines to award any fees associated with the Motion pursuant Federal Rule of Civil Procedure 37.

## IV. CONCLUSION AND ORDER

Accordingly, for the reasons set forth above and for good cause shown,

**IT IS** on this **29th** day of **September 2026** hereby

**ORDERED** that Defendant's Motion to Dismiss for Failure to Make Discovery (Doc. No. 85) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 85; and it is further

**ORDERED** that the parties shall meet and confer and submit a joint proposed amended scheduling order by October 15, 2026; and it is further

**ORDERED** that the Clerk of the Court shall administratively close this matter pending the entry of an Amended Scheduling Order.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**